Kara L. Jassy, Bar No. 198846
kjassy@littler.com
Jacob M. Krall, Bar No. 296078
jkrall@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California  90071
Telephone:  213.443.4300
Fax No.:     213.443.4299

Attorneys for Defendant
WALMART INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| RENA MUNOZ, an individual, | Case No.  22-cv-5473 |
|---|---|
| Plaintiff, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION** |
| v. | |
| WALMART; A Corporation Doing Business in California; THERESA DOE, an individual; and DOES 2 through 50, inclusive, | Complaint Filed: June 28, 2022 (Riverside Superior Court – Case No. CVRI2202639) |
| Defendants. | |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF RENA MUNOZ AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant WALMART INC.[1] ("Defendant" or "Walmart") removes to this Court the state court action described herein.  Defendant removes the captioned action from the Superior Court of the State California for the County of Riverside.  Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. section 1441(a) and (b) due to complete diversity of the parties' citizenship.

**I.      STATEMENT OF JURISDICTION**

1.      This Court has original jurisdiction based upon the existence of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1), 1441(a), 1441(b) and 1446. As set forth below, this case meets all of Section 1332's requirements that the suit is between citizens of different States, and the amount in controversy exceeds $75,000.00.

**II.     PLEADINGS, PROCESS, AND ORDERS**

2.      On or about June 28, 2022, Plaintiff Rena Munoz ("Plaintiff") filed a Complaint for Damages ("Complaint") against Defendant and various Doe defendants in the Superior Court of the State of California, Riverside County, Case No. CVRI2022639 ("State Court Action"). Plaintiff's Complaint asserts the following causes of action: (1) disability discrimination and wrongful termination in violation of California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 *et seq.* ("FEHA"); (2) failure to accommodate disability in violation of FEHA; (3) wrongful termination in violation of public policy; and (4) failure to provide meal and rest breaks.

3.      On July 7, 2022, Plaintiff served Defendant with the Summons and Complaint. True and correct copies of these documents, including attachments, are attached to the Declaration of Jakob Krall ("Krall Decl."), ¶ 2, Exhibit A.

4.      On August 4, 2022, Defendant filed a general denial and affirmative defenses to the Complaint in Riverside County Superior Court.  A true and correct copy

---

[1] Plaintiff has named Defendant Walmart Inc. as "Walmart" in Plaintiff's Complaint.

of Defendant's general denial and affirmative defenses is attached to the Krall Declaration, ¶ 3, Exhibit B.

5.     Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all process, pleadings, and orders served on Defendant in the State Court Action. To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. Krall Decl., ¶ 4. Because the Doe defendants have not yet been served, they need not join or consent to Defendant's Notice of Removal. *Cmty. Bldg. Co. v. Md. Cas. Co.* 8 F.2d 678, 678-79 (9th Cir. 1925), *cert. denied*, 270 U.S. 652 (1926) (named defendants not yet served in state court action need not join in notice of removal).

6.     To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action. Krall Decl., ¶ 5.

## III.   TIMELINESS OF REMOVAL

7.     This Notice of Removal is timely filed because it is being filed within thirty (30) days of July 7, 2022, the date of service of the Summons and Complaint, and within one year of the initiation of the State Court Action. *See* 28 U.S.C. § 1446(b).

## IV.   DIVERSITY JURISDICTION

8.     The diversity of citizenship statute, 28 U.S.C. Section 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1)  citizens of different States. . . .

9.     This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

## A.      Diversity of Citizenship

10.      Plaintiff is a citizen of California:  For diversity jurisdiction purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

11.      At the time Plaintiff commenced the State Court action, and at the time of removal, Plaintiff was a citizen of the state of California. Plaintiff alleges in the Complaint that she "is an individual who resides in the State of California." Complaint ¶ 1; *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden on coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *22 (E.D. Cal. March 18, 2008) (place of residence provides "prima facie" case of domicile). Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

12.      Walmart is not a citizen of California:  For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'  We believe that the 'nerve center' will typically be found at a corporation's headquarters." (Citations omitted.) *See also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

3

headquarters are located and where its executive and administrative functions are performed).

13.   Here, Walmart Inc. is incorporated in the State of Delaware. Moreover, Walmart Inc.'s corporate headquarters and principal place of business, *i.e.*, the "nerve center" where Walmart Inc. performs executive and administrative functions, are located in Arkansas. Consequently, Walmart Inc. is not a citizen of California; rather, it is a citizen of Delaware and Arkansas.

14.   The citizenship of the Doe defendants should be disregarded for diversity purposes. Plaintiff's Complaint also names as Defendants "Theresa Doe and Does 2-50." Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. Further, to Defendant's knowledge, no fictitious defendant has been served, and therefore, none need join in the Notice of Removal. *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves.").

15.   The citizenship of individual Defendant Theresa Doe should be disregarded for diversity purposes for the additional reason that she is a "sham" defendant. The Court may properly disregard a non-diverse defendant if it is determined that that party's joinder is a "sham," such that no possible cause of action can be established against that party. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001) (fraudulent joinder provides "exception to the requirement of complete diversity"); *Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Retardation Servs.* 925 F.2d 866, 871 (5th Cir. 1991); *McCabe v. Gen. Foods Corp.* 811 F.2d 1336, 1339 (9th Cir. 1987) (joinder of resident defendant was fraudulent where plaintiff failed to state any cause of action against resident defendant).

16.   It does not have to be shown that the joinder of a non-diverse defendant was for the purpose of preventing removal. Rather, the question is simply whether there is any possibility that the plaintiff will be able to establish liability against the party in

question. *Ritchey v. Upjohn Drug Co.* 139 F.3d 1313, 1318-1319 (9th Cir. 1998), *cert. denied*, (1998) 525 U.S. 963. In an employment matter where state law clearly provides that the supervisor is an improper defendant, the case may be removed to federal court, ignoring the individual as a sham defendant. *McCabe*, 811 F.2d at 1339.

17.    Plaintiff has not pled a viable claim against Defendant "Theresa Doe."  In addition to the impropriety of considering "Theresa Doe" for purposes of removal because she is a Doe defendant, to the extent that Plaintiff seeks to assert a claim against "Theresa Doe" as an individual and to the extent that such "Theresa Doe" is a resident of California, Plaintiff fails to state a claim against "Theresa Doe," and therefore "Theresa Doe" has been improperly named and is a sham defendant.

18.    First, although all claims have been asserted against "All Defendants," Plaintiff does not mention "Theresa Doe" anywhere in the Complaint except in the caption and as a "Doe" Defendant generally. *See* Caption and Complaint generally. Further, as alleged, there is no individual liability for any of Plaintiff's claims for violation of the Fair Employment And Housing Act ("FEHA") because the individuals, including "Theresa Doe," were not Plaintiff's "employer."  See *Minor v. Fedex Off. & Print Servs., Inc.,* 182 F. Supp. 3d 966, 985 (N.D. Cal. 2016) (dismissing discrimination, failure to accommodate, and wrongful termination claims, stating "the California Supreme Court has held that individual supervisors may not be sued personally under FEHA § 12940(a), which prohibits 'an employer' from discriminating on the basis of disability" and finding no allegations in the complaint that the individual defendants were the plaintiff's employer)

19.    Also, as alleged, there is no individual liability for Plaintiff's cause of action for failure to pay meal or rest periods.[2] See *Reynold v. Bemet*, 36 Cal.4th 1075, 1085-1088 (2005) (no individual supervisor or officer liability for Ca. Labor Code violations because the individuals are not "employers"); *Jones v. Gregory, 137*

---

[2] Plaintiff alleges that Defendant Theresa Doe supervised her and enforced her breaks and is liable under Labor Code section 558.1 See Krall Decl., Exhibit A, Complaint, ¶ 53.

*Cal.App.4th* 798, 803-804 (2006) (same). Liability under Labor Code section 558.1 extends only to an employer or other person acting on behalf of an employer.  For the purposes of the provision, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code. Labor Code § 558.1. A managing agent under section 3294 of the Civil Code includes "only those corporate employees who exercise substantial independent authority and judgment in their corporate decision-making so that their decisions ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 564, 566-67 (1999). Mere supervisory status, including the authority to hire and fire, is insufficient to establish that an employee is a "managing agent" for punitive damages purposes. *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 421-22 (1994). (Emphasis Added)

20.    Here, Plaintiff alleges that she was a Produce and Meat Associate, an entry-level employee at one of Defendant's stores. See Krall Decl., Exhibit A, Complaint, ¶ 13. She alleges that, Theresa Doe, the person who "supervised" her is personally liable under Labor Code section 558.1.  Complaint, ¶ 53. Plaintiff did not allege that Theresa Doe is an officer or director and it is indisputable that low-level supervisors do not "exercise substantial independent authority and judgment in their corporate decision-making so that their decisions ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 564, 566-67 (1999). Even, if Plaintiff amended her Complaint to allege individual liability against the manager of her store, her allegation of individual liability would still be insufficient. Defendant is the nation's largest employer with over 4,500 stores.  The manager of one solitary store (out of more than 4,500) does not determine corporate policy for Defendant. As such, the facts of this case are distinguishable from those in *White v. Ultramar, Inc.*, 21 Cal. 4th 564, (1999) in which the Court found that a zone manager responsible for 8 stores representing a significant aspect of Ultramar's business was a managing agent.  (Id.)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

6

21. Thus, as a matter of law, as against "Theresa Doe" or any other individual defendant, Plaintiff fails to state a claim of disability discrimination (First Cause of Action), failure to accommodate (Second Cause of Action), wrongful termination in violation of public policy (Third Cause of Action), and failure to provide meal and rest periods (Fourth Cause of Action), and therefore the citizenship of "Theresa Doe" must be ignored for purposes of removal for this additional reason. *See, e.g., Jones v. Thyssenkrupp Elevator*, No. C-05-3539 EMC, 2005 WL 8177458, at *13 (N.D. Cal. Dec. 22, 2005) (citing *Simpson v. Union Pac. R.R. Co.*, 282 F. Supp. 2d 1151, 1155 (N.D. Cal. 2003); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'").

22. Therefore, the State Court Action satisfies the diversity requirements for removal because Plaintiff is a citizen of the State of California, Defendant is a citizen of Delaware and Arkansas, and the Doe defendants' citizenships should be disregarded.

**B.      Amount in Controversy**

23. If a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehearing en banc denied by,* 102 F.3d 398, 404 (9th Cir. 1996). Moreover, all claims can be aggregated to meet the minimum jurisdictional amount. *See Bank of Calif. v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The Notice of Removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (Dec. 15,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7

2014) (*citing* 28 U. S. C. §1446(a)). Moreover, Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id*. at 553 ("The defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.")

24.     Economic damages, non-economic damages, general damages, attorney's fees and costs, and punitive damages are all included in determining the amount in controversy. *See Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for punitive damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorney's fees included in determining the amount in controversy where potentially recoverable by statute). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorney's fees in individual employment discrimination cases often exceed damages). Furthermore, such fees are calculable beyond the time of removal. *Id*.

25.     Here, the amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met. 28 U.S.C. § 1332.

a)     Plaintiff's Complaint seeks, *inter alia*, the following relief for Plaintiff: economic damages, non-economic damages, general damages, special damages, attorney's fees and costs, punitive damages, and exemplary damages. *See* Krall Decl., Exhibit A, Complaint, Prayer For Relief.

b)     Plaintiff alleges that she was terminated on March 26, 2022. *See* Krall Decl., Exhibit A, Complaint, ¶¶ 15. At the time of her separation, Plaintiff was a full-time associate and earned an annual base salary of $18.00 an hour. If Plaintiff were to prevail on her claims, she could be entitled to lost earnings (*e.g.*, back pay) of over 2,800 from her separation in March 2022 through the filing of her instant Complaint on June 28, 2022 – with that amount growing as this case progresses.

c)      In addition, Plaintiff's lost earnings allegations do not contain a limit in their temporal scope.  Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97-98 (1976) (four years). Even conservatively estimating that Plaintiff seeks front pay benefits for only two years after the filing of her instant Complaint, the amount of future wages in controversy in this case would total at least an additional $74,880.[3]

d)      Plaintiff also alleges that she is entitled to damages for "humiliation, emotional distress, and mental and physical pain and anguish." *See* Krall Decl., Exhibit A, Complaint, ¶¶ 25, 34, and 42. If Plaintiff were to prevail in this action, she would most likely receive man than a nominal sum for emotional distress. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Gardenhire v. Hous. Auth. of the City of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000), and *Redfield v. Ins. Co. of N. Am.*, 940 F.2d 542 (9th Cir. 1991), *overruled on other grounds*, *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000). Under the law, there is no precise measure of damages for emotional distress. *Cal. Practice Guide: Emp't Litig.*, § 17:350, *Rutter Grp.* (2013).

[3] Some of what is characterized as "front pay" herein would necessarily be "back pay" at the time of adjudication of Plaintiff's claims. *Lowe v. Cal. Res. Agency*, 1 Cal. App. 4th 1140, 1144 (1991) ("(B)ack pay refers to the amount that plaintiff would have earned but for the employer's unlawful conduct, minus the amount that plaintiff did earn or could have earned if he or she had mitigated the loss by seeking or securing other comparable employment."); *Pollard v. E.I. du Pont de Nemours & Co.* 532 U.S. 843, 853 (2001)("A front pay…award is the monetary equivalent of the equitable remedy of reinstatement.") Whether alleged lost wages for the months between the filing of Plaintiff's Complaint and trial is characterized as a "back pay" or "front pay" remedy, the total amount in controversy related to alleged wage loss remains the same.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

9

Nonetheless, a plaintiff is entitled to "a reasonable amount" to compensate for "'suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame'" that plaintiff has suffered and is "'reasonably certain to suffer'" in the future.[4] *Id.*; s*ee also* CAL. CIV. CODE, § 3283. The question a jury would be asked to determine in this case upon a finding of liability is: what is a "reasonable amount" to compensate for Plaintiff's emotional distress. For purposes of jurisdiction, the question simply is how much in emotional distress damages has Plaintiff placed in controversy. In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the plaintiff identified in responses to interrogatories emotional distress as a category of damages she sought but did not furnish the amount of such damages. The Ninth Circuit held that the district court properly considered the interrogatory responses along with emotional distress damages awarded in similar age discrimination cases in determining the amount in controversy. In upholding the lower court's finding that the amount in controversy had been established, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Although Defendant disputes that Plaintiff is entitled to any such award, Plaintiff's allegations place in controversy at least $25,000 in emotional distress damages alone.

e)      Additionally, Plaintiff seeks attorney's fees and costs. *See* Krall Decl., Exhibit A, Complaint, WHEREFORE ¶ 9. The Ninth Circuit recently held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if he prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). This amount includes future attorney's fees. *See Fritsch v.*

---

[4] While there is no clearly established definition of "'reasonable certainty,' evidence of future detriment has been held sufficient based on expert medical opinion which considered the plaintiff's particular circumstances and the expert's experience with similar cases." *Bihun v. AT&T Info. Servs., Inc.*, 13 Cal. App. 4th 976, 995 (1993), *overruled on other grounds*.

*Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("there is no question that future [attorney's fees] are 'at stake' in the litigation); *see also Schneider v. Ford Motor Co.*, 759 Fed. Appx. 699, 701 n. 4 (9th Cir. 2018) (*citing, Fritsch* ("The possibility that the putative class members could receive an award of attorney's fees buttresses our conclusion that the amount in controversy exceeds $5 million."0). In determining whether the amount in controversy exceeds $75,000, the Court may also estimate the amount of reasonable attorney's fees likely to be recovered by a plaintiff if she were to prevail on her claims. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). At an assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a conservative estimate of time spent through trial) to incur $75,000 in reasonable attorney's fees (250 x $300 = $75,000). Moreover, attorney's fees awards in employment matters often exceed $75,000. *See, Flannery v. Prentice*, 26 Cal.4th 572 (2001) (California Supreme Court upheld an award of attorney's fees under FEHA for $891,042); *see also Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2008 WL 2740399, at *12-13 (N.D. Cal. July 11, 2008) (on denying motion for remand, court stated that "[e]mployment discrimination claims require a great deal of preparation and effort to maintain, and at Plaintiff's attorney's claimed rate of $400 an hour, fees will likely become substantial") (*citing Simmons,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("The court notes that in its twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages."); *Akers v. Cty. of San Diego*, 95 Cal. App. 4th 1441, 1453 (2002) (lower court awarded $249,349 in attorney's fees in wrongful termination in violation of public policy and discrimination case); *Hackmon v. City of Los Angeles*, No. BC189418, 2001 WL 1860540 (Cal. Superior Nov. 30, 2001) ($114,584 awarded in discrimination case brought under FEHA); *Kohn v. Cty. of Los Angeles*, No. BC212273, 2001 WL 1720226 (awarding $161,700 in attorney's fees in FEHA discrimination case) (Cal. Superior June 28, 2001). Thus, an attorney's fees award in this case could easily reach or exceed $75,000.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

f)      Plaintiff also seeks to recover punitive damages. *See* Krall Decl., Exhibit A, Complaint, WHEREFORE, ¶ 10. The potential punitive damages award alone against a defendant such as the Defendant in this case may satisfy the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code Section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds, the ratio between compensatory and punitive damages and ratio between damages and defendant's net worth. *Boyle v. Lorimar Prods., Inc.,* 13 F.3d 1357 (9th Cir. 1994).   Punitive damages are included in calculating the amount in controversy. *Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994).  In *Aucina,* the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F. Supp. at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail and establish the requisite state of mind, the punitive damages alone could easily exceed the jurisdictional minimum. Adding together Plaintiff's potential back pay damages of $2,880, front pay damages of over $74,800, potential damages for emotional distress, potential punitive damages and potential attorney's fees, the amount in controversy here easily exceeds $75,000, exclusive of interests and costs.

g)      Therefore, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and because this is a civil action between citizens of different states. As such, the United States District Court for the Central District of California has original jurisdiction over this matter and removal is authorized under 28 U.S.C. §1441(b).

## V. VENUE

26.   Venue lies in the Central District of California pursuant to 28 U.S.C. sections 84(b) and 1441(a). This action was originally brought in the Superior Court of the State of California, County of Riverside. Actions arising in Riverside County shall be commenced in the Eastern Division of the Central District.

## VI. NOTICE OF REMOVAL

27.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Narak Mirzaie and Selineh Shahbazian of M Law Attorneys, APC. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Riverside.

## VII. CONCLUSION

28.   WHEREFORE, Defendant removes the action now pending against it in the Riverside County Superior Court to the United States District court for the Central District of California, and requests that this Court retain jurisdiction for all further proceedings.

Dated: August 4, 2022

LITTLER MENDELSON, P.C.

_Kara L. Jassy_

Kara L. Jassy
Jacob M. Krall

Attorneys for Defendant
Walmart Inc.

4860-8649-2969.1 / 080000-1000

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

13