# Exhibit A

 **Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**   KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**   **Process Served in California**

**FOR:**   Wal-Mart  (Cross Ref Name)  (Domestic State: DE)
WALMART INC. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RENA MUNOZ, an individual // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Notice(s) |
| **COURT/AGENCY:** | Riverside County Superior Court, CA<br>Case # CVRI2202639 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/07/2022 at 01:02 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S)/SENDER(S):** | Narak Mirzaie<br>M Law Attorneys, APC<br>680 East Colorado Blvd., Suite 180<br>Pasadena, CA 91101<br>626-626-4422 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/08/2022, Expected Purge Date: 07/13/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |
| **REMARKS:** | Please note: Transmittal has been edited to correct lawsuit type |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Jul 7, 2022

**Server Name:** Jimmy Lizama

| Entity Served | WALMART |
|---|---|
| Case Number | CVRI2202639 |
| Jurisdiction | CA |

| Inserts |
|---|
| | |



Case 5:22-cv-01388-JGB-SHK   Document 1-2   Filed 08/04/22   Page 5 of 26   Page ID #:22

Electronically FILED by Superior Court of California, County of Riverside on 06/30/2022 03:55 PM
Case Number CVRI2202639 0000025889733 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Viviana Gonzalez, Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

WALMART; A Corporation Doing Business in California; THERESA DOE, an individual;
and DOES 2 through 50, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

RENA MUNOZ, an individual;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Riverside Historic Courthouse
4050 Main Street
Riverside , California, 92501

**CASE NUMBER:**
*(Número del Caso):*

**CVRI 2202639**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Narak Mirzaie, 311508     (626) 626-4422

680 E. Colorado Blvd, Suite 180 , Pasadena, CA, 91101

DATE:
*(Fecha)* 06/28/2022

Clerk, by ____ V. Gonzalez ____ , Deputy
*(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WALMART; A Corporation Doing Business in California

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Riverside on 06/28/2022 03:55 PM
Case Number CVRI2202639 0000025889732 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Viviana Gonzalez, Clerk

Narak Mirzaie, Esq. (SBN #311508)
Selineh Shahbazian, Esq. (SBN #333809)
M LAW ATTORNEYS, APC
680 East Colorado Blvd. Suite 180
Pasadena, CA 91101
Tel: (626)626-4422
Fax: (626)626-4420

Attorneys for Plaintiff,
RENA MUNOZ

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| RENA MUNOZ, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>WALMART; A Corporation Doing Business in California; THERESA DOE, an individual; and DOES 2 through 50, inclusive;<br><br>Defendants. | CASE NO. CVRI 2202639<br><br>Demand for Jury Trial<br><br>1. **Disability Discrimination & Wrongful Termination in Violation of FEHA;**<br><br>2. **Failure to Accommodate Disability in Violation of FEHA;**<br><br>3. **Wrongful Termination in Violation of Public Policy;**<br><br>4. **Failure to Provide Meal & Rest Breaks.** |

## PARTIES

1.     Rena Munoz (hereinafter "Plaintiff") is an individual who resides in the State of California.

2.     Defendant Walmart (hereinafter "Defendant " or "Walmart") is a corporation doing business in California. Defendant is and/or at all times mentioned in this Complaint is a business and/or facility licensed to do business and actually is doing business in the State of California.

---

Complaint – Rena Munoz                                                                                    1 of 10

**JURISDICTION AND VENUE**

3.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

4.    Events that are the subject of this action occurred in or near Riverside County.

**DOE DEFENDANT**

5.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

6.    Defendant Does 1 through 100, inclusive, were always relevant herein employees or agents of the other Defendants. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will pray leave of Court to amend this Complaint to allege their true names and capacities when ascertained.

7.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner or joint venturer of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants herein gave consent to or ratified and authorized the acts alleged herein to each of the remaining defendants.

8.    Plaintiff is informed, believes, and thereon alleges that every Defendant designated herein, including all DOE Defendants, were negligently, wrongfully, carelessly, unlawfully, tortuously, or in some other actionable manner, responsible for the events and happenings herein referred to, and that their negligent and/or otherwise tortious and wrongful acts and/or omissions proximately caused, or were a substantial factor in causing, the injuries and damages to Plaintiff as are herein alleged, and that each Defendant and/or his, her, or its respective officers, directors, partners, managing directors, and/or shareholders ratified the wrongful acts and omissions of each other Defendant.

9.    Plaintiff is informed, believes, and thereon alleges that at all relevant times herein, every

Complaint – Rena Munoz                                                                    2 of 10

Defendant designated, including all DOE Defendants, was an agent, employee, joint venturer, partner, alter ego, conspirator, and/or legal representative of the remaining Defendants, and at all times mentioned herein, every Defendant designated herein, including all DOE Defendants, was acting within the time, authority, course, and scope of said agency, employment, joint venture, partnership, and/or conspiracy, and to further the objectives of the same, or as an alter ego and with the full knowledge, approval, ratification, permission, and consent of the other co-Defendants, and each of them, including the officers, directors, and managing agents of Defendants.

## EXHAUSTING ADMINISTRATIVE REMEDIES (FILING THE RIGHT TO SUE WITH THE DEPARTMENT OF FAIR HOUSING & EMPLOYMENT)

10.    On or about June 27, 2022, Plaintiff filed its right to sue letter with the Department of Fair Housing & Employment.

11.    Plaintiff has exhausted all administrative remedies.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

13.    Defendant employed Plaintiff from March 5, 2021, until March 26, 2022, as a produce and meat associate at its store located in Banning, California.

14.    On November 19, 2021, Plaintiff injured herself during the course of employment. Plaintiff's injuries caused her to be placed on restricted duty from November 2021 to March 26, 2022. As a result of her restrictions, Plaintiff's position was changed from produce and meat associate to checking receipts.

Complaint – Rena Munoz

15.     Plaintiff's injuries necessitated continuous medical treatment and restrictions. Plaintiff was terminated on March 26, 2022, for requiring additional accommodation for her restrictions. At the time of her termination, Plaintiff was a qualified employee and conducted her job in an exemplary manner.

16.     Plaintiff believes and, on that basis, alleges that her disability was a motivating factor in Defendant's termination of her employment. Plaintiff received points for visiting doctors for her disability even when informing her superiors that she was seeking treatment for her injury.

17.     In addition to her wrongful termination, Plaintiff believes she was not provided with timely and/or adequate meal and rest breaks. There were many days when Plaintiff could not take two (2) rest breaks or was provided with her rest breaks late. As for meal breaks, there were many shifts where Plaintiff took her meal periods late, after the fifth hour within her shift.

18.     As a result of Defendant's sudden decision to terminate her position, Plaintiff experienced additional stress and anxiety, which further exasperated her emotional and psychological distress.

## I. FIRST CAUSE OF ACTION

### (Disability Discrimination and Wrongful Termination in Violation of FEHA Against All Defendants and Does 2 Through 50)

19.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

20.     At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on Defendant(s). These statutes require defendants to refrain from discriminating against any employee based on his disability (including actual, perceived, history of, etc.). Within the time provided by law, Plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH), fully complying with administrative requirements, and received a right-to-sue letter.

21.     At the time of her termination, Plaintiff was a qualified employee and performed her job in an exemplary manner.

Complaint – Rena Munoz                                                4 of 10

22.    At the time of her termination, Plaintiff suffered work-related injuries resulting in restrictive duty. As a result of her injuries, Plaintiff's position was changed from produce and meat associate to checking receipts. While recovering from her injuries and continuing to be on restricted duty, Defendant terminated her position.

23.    Plaintiff believes and, on that basis, alleges that her disability was a motivating factor in Defendant's termination of her employment.

24.    As a proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

25.    As a proximate result of Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

26.    Defendant's discrimination was intentional, malicious, and oppressive, entitling Plaintiff to punitive damages.

27.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of Court to amend this Complaint when the amounts are fully known.

## II. SECOND CAUSE OF ACTION

**(Failure to Accommodate Disability In Violation of FEHA Against All Defendants and Does 2 Through 50)**

28.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

---

Complaint – Rena Munoz                                                                                    5 of 10

29.     At all times herein mentioned, FEHA, Government Code section §12940, *et seq.,* was in full force and effect and was binding on Defendant(s). This statute requires a defendant to provide reasonable accommodations to known disabled employees. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

30.     Defendant failed to accommodate Plaintiff's injuries.

31.     Plaintiff believes and alleges that her disability and work restrictions were motivating factors in Defendant's termination of her employment.

32.     Plaintiff's belief that her disability was a motivating factor in Defendant's termination of her employment is not meritless. Defendant terminated Plaintiff while she was on restricted duty.

33.     As a proximate result of Defendant's willful, knowing, and intentional failure to accommodate Plaintiff's disabilities, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

34.     As a proximate result of Defendant's willful, knowing, and intentional failure to accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

35.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. At this time, Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

36.     Defendant's misconduct was done intentionally, in a malicious, despicable, oppressive manner, entitling Plaintiff to punitive damages against Defendant.

///

///

---

Complaint – Rena Munoz                                                                 6 of 10

## III. THIRD CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against All Defendants and Does 2 Through 50)

37.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

38.     At all times herein mentioned the California Constitution, Article I, section 8, was in full force and effect and was binding on Defendants. Among its other provisions, the Constitution bans discrimination on the basis of disability. Additionally, California Public Policy as codified under California Fair Employment and Housing Act, Government Code Section 12900, et. seq. prohibit discrimination against employees based on gender, disability, and/or age.

39.     When her employment was terminated, Plaintiff was a qualified employee and performed her job in an exemplary manner. Plaintiff suffered from work-related injuries that necessitated restrictions. Defendant intentionally discriminated against Plaintiff in violation of the laws banning disability discrimination when Plaintiff was terminated while she was on restricted duty.

40.     For all reasons set forth above, Plaintiff believes and alleges that her disabilities were motivating factors in Defendant's termination of her employment.

41.     As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

42.     60. As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

43.     Defendant's misconduct was done intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

44.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. At this time, Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

# IV. FOURTH CAUSE OF ACTION

**(Failure to Provide Meal and Rest Breaks Against All Defendants and Does 2 Through 50)**

45. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

46. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

47. Labor Code §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

48. Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

49. Section 11(A) of the IWC Wage Orders provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

50. Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

---

Complaint – Rena Munoz                                                                                           8 of 10

51.    Section 12(B) of the IWC Wage Order(s) states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

52.    Plaintiff believes she was not provided with adequate meal and rest breaks. As to meal breaks, Plaintiff believes at times, she received her meal breaks after the fifth (5) hour into her shift. As to rest breaks, at times, Plaintiff did not have the opportunity to take her two (2) rest breaks during an eight (8) hour shift or took her rest breaks late. Plaintiff was supervised by Ms. Theresa Doe, who was in charge of enforcing Plaintiff's meal and rest breaks.

53.    Defendant Theresa Doe, who supervised and enforced Plaintiff's breaks, will be liable under labor code §558.1.

54.    Defendants violated Labor Code § 226.7 by failing to pay one hour of Plaintiffs' regular pay rate for each day rest periods were missed or were not timely. This amount is still owed and unpaid. According to proof, Plaintiff's damages will be established at the time of trial.

## V. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays judgment as follows:

1.    For Plaintiff's economic damages;

2.    For Plaintiff's non-economic damages;

3.    For interest, thereon at the legal rate;

4.    Penalties under applicable labor code sections;

5.    For general damages, according to proof on each cause of action for which such damages are available;

6.    For special damages, according to proof on each cause of action for which such damages are available;

7.    For prejudgment and post-judgment interest according to law;

8.   For costs of suit incurred in this action, with interest;

9.   For costs and reasonable attorney's fees as provided by law;

10.  For punitive and exemplary damages; and

11.  For such other and further relief that the Court shall deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED,
M Law Attorneys, APC

Dated: June 27, 2022

By: *NMirzaie*
NARAK MIRZAIE, ESQ.
SELINEH SHAHBAZIAN, ESQ.
Attorneys for Plaintiff,
RENA MUNOZ

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | FOR COURT USE ONLY |
|---|---|---|

Narak Mirzaie, 311508
M Law Attorneys
680 E. Colorado Blvd, Suite 180 , Pasadena, CA, 91101

TELEPHONE NO.: (626) 626-4422    FAX NO. *(Optional):* (626) 626-4420
E-MAIL ADDRESS: litigation@mlawattorneys.com
ATTORNEY FOR *(Name):* Rena Munoz

Electronically FILED by Superior Court of California, County of Riverside on 06/28/2022 03:55 PM
Case Number CVRI2202639 0000025889735 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Viviana Gonzalez, Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside , 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Rena Munoz v. Walmart

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CVRI 2202639<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify):* Four (4)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 06/27/2022

Narak Mirzaie
_____
(TYPE OR PRINT NAME)

▶ *Narak Mirzaie*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2202639

**Case Name:**   MUNOZ vs WALMART

NARAK MIRZAIE
680 EAST COLORADO BLVD., SUITE 180
Pasadena, CA 91101

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/27/2022 | 8:30 AM | Department 5 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-782-8254 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/29/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

V. Gonzalez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2202639

**Case Name:**   MUNOZ vs WALMART

RENA MUNOZ

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/27/2022 | 8:30 AM | Department 5 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-782-8254 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

 

| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/29/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

V. Gonzalez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2202639

**Case Name:**    MUNOZ vs WALMART

WALMART

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/27/2022 | 8:30 AM | Department 5 |
| Location of Hearing:<br>**4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-782-8254 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/29/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
V. Gonzalez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2202639

**Case Name:**    MUNOZ vs WALMART

THERESA DOE

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/27/2022 | 8:30 AM | Department 5 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-782-8254 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/29/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

V. Gonzalez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2202639

MIRZAIE, NARAK                           MUNOZ, RENA
680 EAST COLORADO BLVD., SUITE 180
Pasadena, CA 91101
                                         DOE, THERESA

WALMART